# EXHIBIT C

8/29/2019 3:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36399586
By: Shaniece Richardson
Filed: 8/29/2019 3:00 PM

**2019-61598 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| JOSE GARZA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| WELLS FARGO BANK, NA, | § | |
| FIDELITY NATIONAL FINANCIAL, | § | |
| CHRISTOPHER T. LLOYD, | § | |
| WILLIAM R. GOETZ, | § | |
| JOHN DOES 1-50 | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE GARZA (hereinafter "Plaintiff" or "Garza"), filing this his Original Petition and Request for Disclosures complaining of and about WELLS FARGO BANK, NA (hereinafter "Defendant" or "Wells Fargo"), and for causes of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL & RULE 47

1.0     Plaintiff requests and desires to conduct discovery under Texas Rules of Civil Procedure 190.4 (Level 3). Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

2.0     Plaintiff, Jose Garza, is an individual who resides in Harris County, Texas and may be served with process on the undersigned legal counsel. The last four numbers of Mr. Jose Garza's Social Security Number are 1558.

1

3.0     Defendant, Wells Fargo Bank, National Association is a foreign entity doing business under the laws of the State of Texas. Defendant can be served with process through their registered agent, Corporate Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701-3218, or wherever it may be found. Plaintiff believes Wells Fargo Bank, NA is a successor in interest to Wells Fargo Bank Texas, N.A.

4.0     Defendant, Fidelity National Financial, Inc. is a foreign corporation doing business under the laws of the State of Texas. Defendant can be served with process through their registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, Florida, 33324, or wherever it may be found. Plaintiff believes Fidelity National Financial Inc. is a successor in interest to Fidelity National LPS.

5.0     Defendant Christopher T. Lloyd is an individual who resides in the state of Texas and may be served at 13010 Rosewood Glen Dr., Cypress, Texas 77429-5108, or wherever he may be found.

6.0     Defendant William R. Goertz is an individual who resides in the state of Texas and may be served at 7 Walford Court, San Antonio, Texas 78257, or wherever he may be found.

7.0     Defendants' John Does 1-50 are presently unknown to Plaintiff but will be identified and added later.

## JURISDICTION AND VENUE

8.0     The Court has jurisdiction over Defendants as foreign entities which conduct business in Harris County, Texas. The Court has jurisdiction over Defendants as individuals who are residents of the state of Texas.

9.0     The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Harris County, Texas because the subject

matter of the lawsuit involves real property which is located in Harris County, Texas. Further, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Harris County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## TEXAS RULE OF CIVIL PROCEDURE 28

10.0    Pursuant to Rule 28 of the Texas Rules of Civil Procedure, plaintiff moves that any partnership, unincorporated association, private corporation or individual doing business under an assumed name, substitute a true name.

## AGENCY, RESPONDEAT SUPERIOR, AND RATIFICATION

11.0    Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant to include the officers, agents, servants, employees or representatives of the Defendant who did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of business or the employment of the Defendant's officers, agents, servants, employees, or representatives, thereby imputing liability on Defendant vicariously and through the doctrine of *respondeat superior*.

## RELEVANT FACTS

12.0    The Subject matter of this lawsuit is the real property and the improvements thereon located at 11522 Normont Dr., Houston, TX 77070, more particularly described as Lot 5, Block 8 of Lakewood Forest, Section 1, an Addition in Harris County, Texas according to the map of plat thereof recorded in Volume 192, Page 130 of the Map Records, Harris County, Texas (the "Property").

13.0    On or about January 21, 1997, Mr. Jose Garza purchased the property 11522 Normont Drive, Houston, Texas 77070. He purchased it as a single man. The property was

purchased with a mortgage through North American Mortgage Company, and the mortgage was later legitimately transferred to GMAC Mortgage.

14.0   On or about March 25, 2003, Defendants Wells Fargo Bank Texas, N.A., Fidelity National LPS, William R. Goetz, Christopher T. Lloyd, and John Does 1-50 conspired to fraudulently execute a Deed of Trust on Mr. Jose Garza's property at 11522 Normont Drive, Houston Texas 77070. Defendants created a fictitious person named Norma Garza and regarded her as Mr. Jose Garza's wife. They then forged and notarized his signature and Ms. Norma Garza's signature on a Deed of Trust and forged his signature and Ms. Norma Garza's signature on a Renewal and Extension of Prior Notes and Liens Rider. Both documents were recorded with the Harris County Clerk's Office on April 10, 2003 (Harris County Clerk Film Code 565890552). Mr. Jose Garza was never notified of these documents, was never made aware of their existence, and never received a copy of them until June 1, 2018 when a copy was provided to him by Wells Fargo.

15.0   Defendants also forged Mr. Jose Garza and/or the fictitious Ms. Norma Garza's signatures on a Truth in Lending Disclosure Statement, an Authorization for Payoff/Paydown, a Notice of Final Agreement and Arbitration Agreement, and a Texas Non-Home Equity Fixed Rate Note.

16.0   Wells Fargo Bank, NA is a successor in interest to Wells Fargo Texas.

17.0   The Trustee appointed to oversee the fraudulent transfer is William R. Goertz of San Antonio, Texas.

18.0   This document was fraudulently notarized by Christopher T. Lloyd, a notary public of the state of Texas whose notary license was noted to expire on December 5, 2005.

19.0   The mortgage account number is 0548159706.

20.0   The fraudulent refinancing of the mortgage increased his monthly mortgage payment from $723.80 to $726.06 and subjected him to wrongful and unnecessary fees, charges and additional costs.

21.0   On or about March of 2018, Mr. Jose Garza paid off the last of the fraudulent loan payments to Wells Fargo. Mr. Garza expected free and clear Title to his property of 11522 Normont Dr., Houston, TX 77070.

22.0   In a letter dated April 3, 2018, Wells Fargo advised Mr. Jose Garza that he had been the victim of a fraud and that there were problems with the Title to 11522 Normont Dr., Houston, TX 77070.

23.0   In a letter dated April 19, 2018, Wells Fargo provided Mr. Jose Garza with a Deed of Release which advised him that the Deed of Trust for the 11522 Normont Dr., Houston, TX 77070 property had been executed by Jose Garza AKA Jose M Garza and Norma Garza Proforma. The Deed of Release had been filed with the Harris County Clerk's office on April 18, 2018.

24.0   In a letter dated June 1, 2018, Wells Fargo advised Mr. Jose Garza that it was refusing to correct the lien release documents, the Deed of Release, the Title, and/or the Deed of Trust, to correctly reflect that Mr. Jose Garza owns the 11522 Normont Dr., Houston, TX 77070 property Sole Baron. It also, for the first time, provided him with a copy of the fraudulent Deed of Trust with his forged signature and the forged signature of the fictitious Ms. Norma Garza.

### **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

25.0   To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

26.0   The actions committed by Defendant constitute breach of contract.

27.0   There exists a valid, enforceable contract between Plaintiff and Defendant;

28.0  The Plaintiff is a proper party to bring suit for breach of the contract;

29.0  Plaintiff has standing to sue for breach of contract;

30.0  Plaintiff performed, tendered performance, or was excused from performing his contractual obligations;

31.0  Defendant breached their contract; and

32.0  The breach of contract by Defendant caused Plaintiff's injury – numerous erroneous expenses, overcharges, interest on the loan, and failure to provide a free and clear title to his property.

## SECOND CAUSE OF ACTION – COMMON LAW FRAUD

33.0  To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

34.0  From March of 2003 through today, Defendant fraudulently represented to Mr. Jose Garza that it was the legitimate mortgage holder of the property at 11522 Normont Dr., Houston, TX 77070.

35.0  That representation is both material and false.

36.0  Due to that fraudulent representation, Defendant collected substantial sums of money in the form of regular mortgage and escrow payments from Plaintiff, who was relying on that false misrepresentation.

37.0  Throughout the entire period of March of 2003 through today, Defendant was aware the representation was false, or made recklessly as a positive assertion and without knowledge of the truth.

38.0 Throughout the entire period of March of 2003 through today, Defendant intended for Plaintiff to act on the fraudulent representation by sending him monthly invoices for the mortgage and escrow payments.

39.0 The plaintiff relied on defendant's false representations and made numerous fraudulent mortgage and escrow payments to defendants for the property 11522 Normont Dr., Houston, Texas 77070.

40.0 The representation injured Plaintiff by forcing him to make fraudulent payments to Defendant which differed from the amounts he should have been paying to his legitimate mortgage company. He is further injured because he lacks proper title to his property and cannot sell or transfer it because a person who does not exist is currently listed on his Title.

## **THIRD CAUSE OF ACTION – COMMON LAW FRAUD BY NONDISCLOSURE**
## **COUNT I**

41.0 To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

42.0 From March of 2003 through June 1, 2018, Defendant fraudulently failed to disclose to Mr. Jose Garza that it had fraudulently transferred the mortgage for property at 11522 Normont Dr., Houston, TX 77070.

43.0 Defendants had a duty to disclose that fact to Plaintiff.

44.0 The fact that the mortgage had been fraudulently transferred is material and false.

45.0 Defendant knew that plaintiff was ignorant of the facts and did not have an equal opportunity to discover the facts.

46.0 Defendant was deliberately silent when it had a duty to speak.

47.0   By failing to disclose the true facts, Defendants intended to induce Plaintiff to make substantial payments of money in the form of regular mortgage and escrow payments, to Defendant.

48.0   Throughout the entire period of March of 2003 through today, Defendant intended for Plaintiff to act on the fraudulent representation by sending him monthly invoices for the mortgage and escrow payments and profiting off those payments.

49.0   Plaintiff relied on Defendant's nondisclosure and made the regular mortgage and escrow payments defendants for the property 11522 Normont Dr., Houston, Texas 77070.

50.0   The Plaintiff was injured as a result of acting with the knowledge of the undisclosed facts because he had to pay more per month than he otherwise should have had to pay, because he had to make payments to the wrong financial entity, and because he now can not sell or transfer his property because a person who does not exist is currently listed on his Title.

## COUNT II

51.0   To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

52.0   From March of 2003 through June 1, 2018, Defendant fraudulently failed to disclose to Mr. Jose Garza that it had added the person of Norma Garza to the Deed of Trust for the title to the property at 11522 Normont Dr., Houston, Texas 77070.

53.0   Norma Garza is a fictitious person who does not exist.

54.0   Defendants had a duty to disclose the adding of Norma Garza to plaintiff.

55.0   The fact that Norma Garza is now on the title of 11522 Normont Dr., Houston, Texas 77070 is material and false.

56.0   Defendant knew that plaintiff was ignorant of the facts and did not have an equal opportunity to discover the facts.

57.0   Defendant was deliberately silent when it had a duty to speak.

58.0   By failing to disclose the true facts, Defendants intended to induce Plaintiff to make substantial payments of money in the form of regular mortgage and escrow payments, to Defendant.

59.0   Throughout the entire period of March of 2003 through today, Defendant intended for Plaintiff to act on the fraudulent representation by sending him monthly invoices for the mortgage and escrow payments and profiting off those payments.

60.0   Plaintiff relied on Defendant's nondisclosure and made the regular mortgage and escrow payments defendants for the property 11522 Normont Dr., Houston, Texas 77070.

61.0   The Plaintiff was injured as a result of acting with the knowledge of the undisclosed facts because he made substantial and regular mortgage and escrow payments towards a property that he believed he had free and clear title to but which he did not.

## FOURTH CAUSE OF ACTION – STATUTORY FRAUD IN REAL ESTATE

62.0   To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

59.0   There was a transaction involving real estate, namely the execution of a deed of trust on or about March 25, 2003.

60.0   During the transaction, the defendant falsely represented that Ms. Norma Garza was the wife of Mr. Jose Garza. Defendant then added the fictitious Ms. Norma Garza to the title and/or Deed of Trust for the 11522 Normont Dr. property and her name is on the title and/or Deed of Trust to this day.

61.0     During the transaction, the defendant falsely executed the signature of Ms. Norma Garza on documents in order to complete the real estate transaction.

62.0.    During the transaction, the defendant falsely executed the signature of Mr. Jose Garza on documents in order to complete the real estate transaction.

63.0     Defendant benefited from the false representations.

64.0     The false representations were for the purpose of inducing plaintiff to enter into a mortgage contract or other real estate transaction with defendant.

65.0     The plaintiff relied on defendant's false representations and made numerous fraudulent mortgage and escrow payments to defendants for the property 11522 Normont Dr., Houston, Texas 77070.

66.0     The reliance injured plaintiff by forcing him to make fraudulent payments which differed from the amounts he should have been paying to his legitimate mortgage company. He is further injured because he lacks proper title to his property and cannot sell or transfer it because a person who does not exist is currently listed on his title.

## FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.0     To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

68.0     The plaintiff, Mr. Jose Garza, is a person.

69.0     Defendant acted intentionally or recklessly in refusing to correct the fraudulent lien release document and Deed of Trust to Mr. Jose Garza's property, on or about June 1, 2018.

70.0     Defendant's conduct of fraudulently accusing Mr. Jose Garza of being married to a woman he is not married to has caused him emotional distress.

71.0   Defendant's conduct of fraudulently encumbering the Deed of Trust for Mr. Jose Garza's residence with another person, interfering with his ability to manage his estate and dispose of his real property, has caused him emotional distress.

72.0   Plaintiff has needed to see a doctor and take medication for his severe emotional distress.

73.0   Defendant's conduct of fraudulently regarding him as married to a person he was not married to, then refusing to correct Mr. Jose Garza's Deed of Trust, lien release documents, and the title to his property, is extreme and outrageous conduct.

74.0   Defendant's conduct proximately caused Plaintiff's emotional distress.

75.0   There is no alternative cause of action that can provide a remedy for the severe emotional distress caused to Plaintiff by Defendant's conduct.

## SIXTH CAUSE OF ACTION – CIVIL CONSPIRACY

76.0   To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

77.0   Defendants' were members of a combination of two or more persons.

78.0   The object of the combination was to accomplish an unlawful purpose or a lawful purpose by unlawful means.

79.0   The members had a meeting of the minds on the object or course of action.

80.0   At least one of the members committed an unlawful, overt act to further the object or course of action.

81.0   Plaintiff suffered an injury as a proximate result of the wrongful act.

## SEVENTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

11

82.0 To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

83.0 Plaintiff had a valid mortgage contract with GMAC Mortgage.

84.0 Defendants willfully and intentionally interfered with that contract.

85.0 Defendant's interference proximately cause Plaintiff to be injured.

86.0 Plaintiff incurred actual damages and/or losses.

## EIGHTH CAUSE OF ACTION – RACKETEERING INFLUENCED & CORRUPT PRACTICES ACT ("RICO")

87.0 To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

88.0 Defendant's conduct violates 18 U.S.C. Section 1962.

89.0 Defendant received income derived, directly or indirectly, from a pattern of racketeering activity, or through collection of an unlawful debt, in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

90.0 Defendants, through a pattern of racketeering activity, or through collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

91.0 Defendants were employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

92.0 Defendants conspired to violation the provisions of subsections (a), (b), or (c) of 18 U.S.C. section 1962.

93.0 Defendants' conduct constitutes an indictable offense under 18 U.S.C. section 1028.

94.0 Defendant's conduct included devising or intending to devise a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, and constitutes an indictable offense under 18 U.S.C. section 1341.

95.0 Defendant devised or intended to devise a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, a writing, sign, signal, picture or sound for the

13

purpose of executing such scheme or artifice, and constitutes an indictable offense under 18 U.S.C. section 1343.

96.0  Defendant knowingly executed a scheme to defraud a financial institution or to obtain moneys, funds, credits, assets, securities, or other property owned by or under the control of a financial institution, by means of false or fraudulent pretenses, representations or promises, and constitutes an indictable offense under 18 U.S.C. section 1344.

97.0  Defendant traveled in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to distribute the proceeds of any unlawful activity; or otherwise promoted, managed, established, carried on, or facilitated the promotion, management, establishment, or carrying on, of any unlawful activity.

98.0  Defendant's conduct constituted an act which is indictable under 18 U.S.C. section 1956.

99.0  Defendant's conduct constituted an act which is indictable under 18 U.S.C. section 1957.

100.0  Defendant's conduct injured Plaintiff's business or Plaintiff's property.

101.0  Plaintiff's injury was by reason of Defendant's violation of RICO.

### NINETH CAUSE OF ACTION – SLANDER OF TITLE

102.0  To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

103.0  Plaintiff possessed an estate or interest in property.

104.0  Defendants uttered and published a disparaging statement about the title to the property.

105.0  The statement was false.

106.0 The statement was published with legal malice.

107.0 The publication caused special damages.

### TENTH CAUSE OF ACTION – BUSINESS DISPARAGEMENT

108.0 To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

109.0 Defendant published disparaging words about the plaintiff's economic interests.

110.0 The words were false.

111.0 The defendant published the words with malice.

112.0 The defendant published the words without privilege.

113.0 The publication caused special damages.

### ELEVENTH CAUSE OF ACTION – DEFAMATION

114.0 To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above paragraphs and allegations as if set forth fully herein.

115.0 Defendant published a statement of fact.

116.0 The statement referred to plaintiff.

117.0 The statement was defamatory.

118.0 The statement was false.

119.0 With regard to the truth of the statement, the defendant was acting with malice, negligence, or was liable without regard to fault.

120.0 The plaintiff suffered pecuniary injury or the injury is presumed.

### DAMAGES:

### ACTUAL DAMAGES

121.0 Plaintiff is entitled to recover actual damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

122.0 Plaintiff suffered economic damages through payment of improper fees, expenses, and charges forced by Defendants' misconduct.

123.0 Plaintiff has been unable to sell or transfer the property because a fictitious person has been place on the Title to the property.

124.0 Further, Plaintiff suffered mental anguish damages in connection with Defendant's violations.

## EXEMPLARY DAMAGES

125.0 Plaintiff is entitled to recover his exemplary damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this court. *See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998).

## TREBLE DAMAGES

125.0 For violations of the RICO statute.

## ATTORNEYS' FEES

126.0 Pursuant to Texas Business & Commercial Code Section 27.01, it is appropriate to award reasonable and necessary attorneys' fees. Pursuant to Texas Civil Practices & Remedies Code Section 37.004 and 37.005, it is also appropriate to award attorneys' fees. And for any and all other legally permissible grounds.

## INTEREST AND COSTS

127.0 Plaintiff seeks the recovery of pre-judgment and post-judgment interest as authorized by law. Plaintiff also seeks recovery for all costs of court as authorized by law.

## CLEAR TITLE

16

128. Plaintiff also seeks a Court order directing the Harris County Clerk's Office to remove Norma Garza or Norma Gaza from the Title and any associated documents for the property 11522 Normont Dr., Houston, Texas 77070.

## CONDITIONS PRECEDENT

128.0 All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## MISNOMER/ALTER EGO

129.0 In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties included in the interest of justice.

## RIGHT TO AMEND

130.0 Plaintiff specifically reserves the right to amend these pleadings upon pretrial discovery, order of the Court, or as Counsel may agree.

## RULE 193.7 NOTICE

131.0 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to all Defendants that any and all documents and materials produced in response to written discovery may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## REQUEST FOR DISCLOSURES

132.0 Defendant is hereby required to disclose to Plaintiff, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a. Defendants be cited to appear and answer herein;

b. Upon final hearing or trial thereof, the Court order a judgment in favor of Plaintiff against Defendant, for actual damages, exemplary damages, reasonable attorneys' fees, pre and post judgment interest, all costs of court, the issuance of a cleared title, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

By: *John Cruickshank*
John E. Cruickshank III
State Bar No. 24045730
john@cruickshank.attorney
Joshua Estes
State Bar No. 24043651
joshuaestes@estespc.net
The Estes Law Firm
716 S. Union St.
Richmond, Texas 77469
Phone: (281) 238-5400
Facsimile: (281) 238-9964

ATTORNEYS FOR PLAINTIFF